(No. 4216)

MABEL E. BATHE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 18, 1950.*

*Supplemental Opinion filed May 23, 1950.*

MABEL BATHE, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

On February 16, 1949, claimant, Mabel E. Bathe, was injured in an accident that arose out of and in the course of her employment with the Department of Public Welfare at the Lincoln State School and Colony, Lincoln, Illinois.

On the date of the accident, claimant was on her way to lunch on the institution grounds, stumbled over a raised place on the sidewalk and fell, as a result of which she fractured her right wrist and left knee-cap and also injured her left arm and wrist.

After emergency treatment, claimant was taken, the next day, upon the authorization of the Assistant Superintendent of the State institution to Evangelical Deacon-

ess Hospital, Lincoln, Illinois, where she remained for two months under the care of Dr. E. C. Gaffney of that city.

Upon discharge from the hospital, claimant convalesced at her home until she was able to return to work, which she did on June 11, 1949.

During the time claimant was unable to work, she was paid compensation at a rate greater than that provided in the Workmen's Compensation Act. Such payments, in accordance with the policy of the Department of Public Welfare, were sixty per cent of her monthly wage of $175.00 per month or $105.00 per month.

No jurisdictional questions are involved. There is no claim or proof of any specific loss or permanent partial disability.

Other than emergency treatment, respondent has neither furnished nor paid for any medical or hospital services required as a result of claimant's accident, but such services as claimant received were furnished upon the authorization of respondent.

Claimant has paid or obligated herself to pay the following hospital and doctors bills, which are reasonable and were necessary and required:

Evangelical Deaconess Hospital, Lincoln, Illinois, (paid) ........$576.90
St. Joseph's Hospital, Bloomington, Illinois, (blood plasma) (paid) ............................................. 6.00
Dr. E. C. Gaffney, Lincoln, Illinois (unpaid).................. 150.00

Total...:............................................$732.90

Patricia M. Beckholt, 303 Lincoln Avenue, Lincoln, Illinois, was employed to take and transcribe the testimony before Commissioner Wise. Charges in the amount of $6.75 were incurred, which are reasonable and customary, and an award is hereby entered in favor of Patricia M. Beckholt for such amount.

On the date of the accident, claimant was 54 years of age, married but had no children under the age of sixteen years dependent upon her for support. Her earnings in the year preceding her injury amounted to $2,100.00, and her rate of compensation was, therefore, $19.50 per week.

Claimant was temporarily totally disabled for 16 2/7 weeks and was entitled to be paid for such temporary total disability the sum of $317.57. During such period she was paid the sum of $391.12, or an overpayment of $73.55.

Claimant is entitled to an award under Section 8 (a) of the Workmen's Compensation Act for hospital and doctors bills as set out above in the sum of $732.90 which should be reduced by the overpayment of $73.55, leaving a net award of $659.35.

An award is, therefore, entered in favor of claimant, Mabel E. Bathe, for $659.35, payable as follows:

$150.00, which is payable forthwith, to claimant for the use of Dr. E. C. Gaffney, Lincoln, Illinois.

509.35, the remainder of the award, which has accrued and is payable to claimant forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning payment of compensation awards to State employees."

---

### SUPPLEMENTAL OPINION

LANSDEN, J.

On April 18, 1950, the original opinion was filed in this case. On May 9, 1950, respondent filed a petition for rehearing, which subsequently we granted.

The petition for rehearing points out that we have misinterpreted the Departmental Report as to the amounts paid claimant while she was totally and tem-

porarily disabled. With this contention we agree, and the original opinion should be revised to reflect such corrections, starting with the fourth paragraph from the end thereof as follows:

"Claimant was temporarily totally disabled for 16 2/7 weeks and was entitled to be paid for such temporary total disability the sum of $317.57. During such period she was paid the sum of $461.13, or an overpayment of $143.56.

"Claimant is entitled to an award under Section 8 (a) of the Workmen's Compensation Act for hospital and doctor bills as set out above in the sum of $732.90, which should be reduced by the overpayment of $143.56, leaving a net award of $589.34.

"An award is, therefore, entered in favor of claimant, Mabel E. Bathe, payable as follows:

$150.00, which is payable forthwith, to claimant for the use of Dr. E. C. Gaffney, Lincoln, Illinois.

$439.34, the remainder of the award, which has accrued and is payable to claimant forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning payment of compensation awards to State employees."